UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRIS DOE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, and JEWELL BATTLE, IN HER OFFICIAL CAPACITY AS THE OPRA ADMINISTRATOR AND RECORDS CUSTODIAN OF RUTGERS UNIVERSITY,**<br><br>    **Defendants.** | Civ. No. 21-17811 (KM) (AME)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  Plaintiff Chris Doe requested records from Rutgers University ("the University") related to his academic discipline under New Jersey's Open Public Records Act ("OPRA"). Rutgers provided some requested records, denied another request as overly broad, and informed plaintiff that it would only fulfill other requests if he paid several thousand dollars in "special service charges" to cover the cost of reviewing and redacting the personal information of other students from the documents. Plaintiff filed this case in the Superior Court of New Jersey, Middlesex County, Law Division and defendants timely removed to this court.

  Now, Doe moves to remand this case to state court and for attorneys' fees and costs. (DE 2.)[1] For the reasons set forth below, the motion to remand is DENIED.

---

[1]  For ease of reference, certain key items from the record will be abbreviated as follows:

1

I.  **Background**

Plaintiff Chris Doe was a student in the graduate school of business at Rutgers University – Newark from 2010 until 2017. (Compl. ¶ 7.) It appears that Doe was subject to some type of academic discipline and he now seeks documents related to that discipline from the University. (*Id.* ¶ 12.) This lawsuit relates to two separate OPRA requests: A first request made on April 3, 2021 ("OPRA 1") and a second request made on April 13, 2021 ("OPRA 2"). (*Id.* ¶ 12, 31.) OPRA 1 contained four distinct elements, while OPRA 2 contained 3 elements. (*Id.*)

OPRA 1 requested: (1) academic records related to Chris Doe kept by five professors; (2) communication records related to Chris Doe sent or received by the same five professors; (3) the redacted discipline records of "any Rutgers Newark Graduate Student charged with a separable offense from 1/1/2015 to present"; and (4) emails related to one of Chris Doe's earlier OPRA request. (*Id.* ¶ 12.)

OPRA 2 requested: (1) academic records related to Chris Doe kept by two additional professors from January 1, 2017 to present; (2) communication records related to Chris Doe sent or received by those two same professors; and (3) emails related to another one of Chris Doe's earlier OPRA requests. (*Id.* ¶ 31.)

The University, after some delay, responded to both requests. With regard to element (1) of OPRA 1, the University provided a number of responsive documents. (*Id.* ¶ 14, 15, 16.) With regard to element (2) of OPRA 1, the University identified 1,960 pages of responsive records, which needed to be reviewed and redacted. (*Id.* ¶ 30.) The University informed Chris Doe that it would only turn the records over if he paid a "special service charge" of $2,025 to cover the 49 hours it would take to review and redact the documents. (*Id.*)

---

DE      =   Docket entry in this case
Compl.  =   State Court Complaint (DE 1, Ex. B)
Mot.    =   Plaintiff's brief in support of his motion to remand (DE 2-1)

2

With regard to element (3) of OPRA 1, the University denied the request as overly broad. (*Id.* ¶ 14.) With regard to element (4) of OPRA 1, the University produced a heavily redacted 102-page record. (*Id.* ¶ 20.)

The University followed a similar course, with regard to OPRA 2. It produced several records related to element (1) of OPRA 2. (*Id.* ¶ 45.) With regard to element (2) of OPRA 2, the University informed Doe that one of the professor's emails were not on their IT system and thus could not be produced, and that the other professor's email contained 4,608 pages of responsive documents. (*Id.* ¶ 46.) The University again informed Doe that it would only turn over the records if he paid a "special service charge" of $4,995 to cover the 115 hours it would take to review and redact the documents. (*Id.*) The complaint is silent regarding the University's response to element (3) of OPRA 2.

The complaint challenges the University's response to three elements of the requests. First, it asserts that the denial of element (3) of OPRA 1 because it was overly broad was a violation of OPRA. (*Id.* ¶ 54.) Second, it asserts that the imposition of the special service charge related to element (2) of OPRA 1 and element (2) of OPRA 2 violated Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(a)(1) and its implementing regulations, 34 C.F.R. § 99.11. (*Id.* ¶ 58–59.)

Doe filed this case in the Superior Court of New Jersey, Middlesex County, Law Division on August 2, 2021. (Compl.) The University removed to this court on September 29, 2021. (DE 1.) Doe moved to remand on October 8, 2021 (DE 2.) The University filed a brief in opposition to the motion to remand (DE 11) and Doe filed a reply (DE 12). This motion is now fully briefed and ripe for decision.

II.  **Legal Standards**

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603–04

(D.N.J. 2001) (citing 28 U.S.C. § 1441(a)–(b)). Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). If the federal court determines that it has jurisdiction, however, it has a "virtually unflagging obligation" to exercise that jurisdiction. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

  Here, as the parties are all citizens of New Jersey, federal jurisdiction is premised on federal question jurisdiction. (DE 1 ¶ 2–3 (citing 28 U.S.C. § 1331).) For a claim to "arise under" the Constitution, federal law, or a treaty, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). In addition, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." *Id.* at 11 (citations omitted).

### III.   DISCUSSION

This motion turns on the question of whether the cause of action in the well-pleaded complaint arises under federal law. I find that it does, and thus deny the motion to remand.

Doe claims that the complaint contains only one Count, which arises under OPRA, a New Jersey state law. (Mot. at 7–10.) And it is true that only a single Count is explicitly included in the complaint. (Compl. ¶ 53–64.) Grouped under that count, however, are two different claims, one arising under OPRA and one arising under FERPA.

First, Doe argues that the rejection of element (3) of OPRA 1, which requested the disciplinary records of other students charged with a severable offense violated OPRA. (*Id.* ¶ 54.) The University denied that request as "overly broad" and Doe argues that OPRA requires disclosure of those records. (*Id.* ¶ 14.) It is uncontested that this is a cause of action that arises under state law.

Next, however, Doe challenges the University's attempt to impose several thousand dollars of special service charges to provide him with redacted copies of records responsive to element (2) of OPRA 1 and element (2) of OPRA 2. (*Id.* ¶ 58.) Those two elements requested communications related to the plaintiff that were sent or received by seven professors. (*Id.* ¶ 12, 31.) Doe contends that the imposition of such fees violates federal, not state, law—FERPA, not OPRA. He writes:

> 58. Defendants' service charges of $2,025 and $4,995 constitute a denial of access to Plaintiffs' 4/3/21 and 4/ 13/21 request for 7,020 pages of Plaintiffs own student discipline records of Defendants' communications making reference to Plaintiff.
> 59. As matter of law, Defendants are prohibited from charging a student for the costs to search for or retrieve the student's own education records. 34 CFR § 99.11 (b), 20 U.S C. 1232g(a)(1).

(*Id.* ¶ 58–59.) The statute and regulation cited in the complaint refer to FERPA and its implementing regulations. The implementing regulation states, "[a]n educational agency or institution may not charge a fee to search for or to retrieve the education records of a student," which could potentially be a basis

for ordering the University to turn over the responsive records without requiring Doe to pay. 34 C.F.R § 99.11(b). Such a claim, however, undoubtedly arises under federal law, rather than the New Jersey OPRA statute. Nowhere in the complaint does Doe assert that the amount of or imposition of special service charges violates OPRA. Rather, the complaint alleges that the imposition of the special service charge is forbidden by FERPA, a federal law. The well-pleaded complaint thus relies on a federal cause of action, and as this case proceeds, I will need to interpret the FERPA statute and its regulations to determine if they can provide the relief that Doe seeks. *See Franchise Tax Bd.*, 463 U.S. at 27–28. Because Doe's cause of action arises out of federal law, this court can exercise federal question jurisdiction over the case.

Having expressly cited FERPA in his complaint, Doe has some explaining to do. In his motion to remand, Doe argues that his

> amended complaint references FERPA in anticipation of a defense that Rutgers will raise. One of the defenses that Rutgers will almost certainly raise in this case is that its special service charge was reasonable. If Rutgers raises that defense, Plaintiff will respond by arguing that Rutgers is prohibited from charging any special service charge pursuant to FERPA and its implementing regulations.

(Mot. at 11.) Although Doe's argument is unclear, it can be inferred that he intends to argue that this court does not have jurisdiction because "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise." *Franchise Tax Bd.*, 463 U.S. at 11. Here, however, the defense is not federal. Doe claims that he anticipates that the University would defend itself by arguing that OPRA allows it to impose reasonable special service charges.[2] Doe, however, has not argued that the charges were unreasonable under the OPRA. Doe's actual argument – that

---

[2]   In fact, in its responses to Doe, the University stated, "Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records." (Compl. ¶ 46.)

6

FERPA forbids such charges – does not deprive the University of a state law defense; it is the basis for Doe's claim that he is entitled to production of the records *gratis*. At the core of Doe's complaint is the allegation that a federal law forbids the imposition of the special service charges at issue. Thus, FERPA is included in the complaint not as a potential federal defense, but as the basis of the claim. Doe's claim, then, arises under federal law.

Finally, in a footnote, Doe cites a New Jersey Appellate division case which states that "if a public agency has conditioned its production of government records upon the payment of a special service charge, the requestor may challenge either its obligation to pay such a charge or the amount of the charge by filing a complaint with the [Government Records] Council." (Mot. at 9 n. 3 (citing *Fisher v. Div. of Law*, 400 N.J. Super. 61, 70 (App. Div. 2008)).) Thus, it does appear that one *could* potentially challenge the imposition of special service charges purely as a matter of state law. Doe did not choose that path, nor does he state that he will not assert FERPA as the basis for his claims. The complaint, as written, puts forward a claim that arises under federal law.

Having determined that this court properly has federal question jurisdiction over this case, I am obliged to exercise that jurisdiction and will therefore deny Doe's motion to remand this case to state court.

## IV.    Conclusion

For the reasons set forth above, I find that Doe's claim arises under FERPA and that this court therefore has federal question jurisdiction. The motion to remand and for attorneys' fees is thus DENIED. A separate order will issue.

Dated: March 2, 2022

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**