**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2087
_____

CHRIS DOE,
                Appellant

v.

RUTGERS, The State University of New Jersey, and JEWELL BATTLE, in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-21-cv-17811)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
February 9, 2023
_____

Before: CHAGARES, Chief Judge, SCIRICA, and SMITH, Circuit Judges.

(Filed: February 27, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**CHAGARES**, Chief Judge.

Plaintiff-appellant Chris Doe sought certain records from defendant-appellee Rutgers University under the New Jersey Open Public Records Act ("OPRA"). After the university declined to produce certain requested records and sought to impose a service charge for producing others, Doe filed a lawsuit against Rutgers University and its OPRA administrator Jewell Battle (collectively, "Rutgers") in New Jersey state court. He alleged, among other things, that Rutgers' assessment of a service charge violated the federal Family Educational Rights and Privacy Act ("FERPA"). Rutgers removed the case to federal court and moved to dismiss. Doe moved to remand, and the District Court denied Doe's motion to remand and granted Rutgers' motion to dismiss. Doe now appeals. We will affirm.

I.

Because we write primarily for the parties, we recite only the facts essential to our decision.

Doe[1] was a graduate student at the Newark campus of Rutgers University who was subject to academic discipline while he was enrolled. He later filed two OPRA requests with the university. The first OPRA request — filed on April 3, 2021 — sought certain academic records related to Doe held by five professors, email communications between those professors, disciplinary records involving other graduate students enrolled at the Newark campus of Rutgers University, and email correspondence between university

---

[1] Doe proceeded pseudonymously in the District Court. He moved to proceed pseudonymously in this appeal, and we granted that motion.

administrators related to an earlier OPRA request from Doe that is not at issue in this litigation. The second OPRA request, filed on April 13, 2021, sought academic records from two other professors, email correspondence related to Doe involving those two professors, and additional emails related to the earlier OPRA request.

Rutgers produced the academic records responsive to Doe's two OPRA requests, but it declined to produce the disciplinary records involving other students that Doe had requested. It agreed to produce the requested faculty email communications, but informed Doe that the email communications would have to undergo review and redaction by Rutgers staff before production. To compensate the university for the time and effort needed to review and redact the responsive documents, Rutgers required payment of a service fee: $2,025 for the documents responsive to the first OPRA request and $4,995 for the documents responsive to the second OPRA request, for a total service fee of $7,020.

Evidently dissatisfied with Rutgers' response to his OPRA requests, Doe filed a lawsuit against Rutgers in New Jersey state court. Rutgers removed the case to federal court and moved to dismiss Doe's complaint for failure to state a claim. Doe moved to remand his case to state court. The District Court denied Doe's motion to remand and granted Rutgers' motion to dismiss. Doe timely appealed.

II.

Doe argues on appeal that the District Court erred by denying his motion to remand, and that even if the District Court correctly denied the motion to remand, it erred by granting Rutgers' motion to dismiss. In support of his argument that the District Court

3

erred by denying his motion to remand, he mainly argues that federal courts lack subject matter jurisdiction over his lawsuit because it solely presents a claim under OPRA, a New Jersey state law. This argument implicates our subject matter jurisdiction. "We have an obligation to determine whether a controversy is justiciable before resolving its merits," so we begin by addressing the motion to remand. Mazo v. New Jersey Sec'y of State, 54 F.4th 124, 135 (3d Cir. 2022). "We always have jurisdiction to review our own jurisdiction when it is in doubt." Duncan v. Governor of the Virgin Islands, 48 F.4th 195, 203 n.6 (3d Cir. 2022) (alterations omitted). Our review of the District Court's order denying Doe's motion to remand is plenary. Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct., 618 F.3d 277, 287 (3d Cir. 2010).

## A.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," or in other words, lawsuits that present federal questions. 28 U.S.C. § 1331. They also have original jurisdiction over certain lawsuits where the parties are of diverse citizenship. 28 U.S.C. § 1332. In this case, the only plausible basis for federal jurisdiction is federal question jurisdiction. Doe's motion to remand therefore must be denied if his lawsuit presents a federal question, but it must be granted if his lawsuit does not.

Federal question jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

4

necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 27–28 (1983). Doe's complaint contains only one count, which is styled as a claim under OPRA, a New Jersey state law. But subsumed within that single count are several distinct assertions about how Rutgers' handling of the OPRA requests was contrary to law. Included among those assertions is an allegation that "[a]s matter of law [sic], [Rutgers is] prohibited from charging a student for the costs to search for or retrieve the student's own education records." Appendix ("App.") 44. As a basis for that allegation, Doe cites 20 U.S.C. § 1232g(a)(1), a provision of FERPA that gives students and their parents a right of access to their education records, and 34 C.F.R. § 99.11(b), an implementing regulation that prohibits educational institutions from charging a fee for providing the required access to education records (collectively, the "FERPA right-of-access provision").

In his complaint, Doe contends that Rutgers violated the FERPA right-of-access provision by assessing a service charge before fulfilling parts of his OPRA requests and seeks relief from that alleged violation. This is a cause of action arising from federal law: a federal statute allegedly creates Doe's right to relief and supplies the rule of decision a court must apply to determine whether Doe is entitled to that relief.[2] See Phillips

---

[2] The Supreme Court has held that 20 U.S.C. § 1232g(b)(1), a separate FERPA provision that prohibits educational institutions from disclosing education records without the consent of students or their parents, does not create a private right of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2003). Although the Supreme Court cabined its holding in Gonzaga to the specific nondisclosure provision at issue in that case, several of our sister Courts of Appeals have extended Gonzaga and concluded that none of

5

Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974) ("[I]n order for a claim to arise under [federal law], a right or immunity created by the . . . laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." (quotation marks omitted)). Because Doe alleges that federal law creates his right to relief, the District Court would have had jurisdiction over Doe's lawsuit if it had originally been filed in federal court. The District Court therefore correctly denied Doe's motion to remand.

B.

Having resolved Doe's challenge to the District Court's denial of his motion to remand, we will turn to his challenge to the District Court's grant of Rutgers' motion to dismiss. In analyzing Doe's motion to remand, we have confirmed that the District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's final decision granting Rutgers' motion to dismiss under 28 U.S.C. § 1291. Our review of the District Court's decision is plenary. Geist v. State Farm Mut. Auto. Ins. Co., 49 F.4th 861, 864 n.3 (3d Cir. 2022).

---

FERPA's provisions give rise to a private right of action. See, e.g., Taylor v. Vermont Dept. of Educ., 313 F.3d 768, 783 (2d Cir. 2002); United States v Miami Univ., 294 F.3d 797, 809 n.11 (6th Cir. 2002). But we have never so held, and we need not address this issue to resolve this appeal. Doe's OPRA claim, even if understood as a state-law claim, gives rise to federal question jurisdiction because it requires us to decide whether FERPA prohibits the service fees at issue in this case — a substantial question of federal law. See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) ("There is [a] longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . over state law claims that implicate significant federal issues."). Even if we assume without deciding that the FERPA right-of-access provision creates a private right of action, Doe's FERPA-based claims fail because, as we will explain later in this opinion, the disputed portions of his OPRA requests do not implicate education records subject to FERPA.

6

The District Court granted Rutgers' motion to dismiss Doe's claims related to his first OPRA request as barred by OPRA's statute of limitations. We agree that the claims related to the first request are time-barred. Under New Jersey law, a plaintiff seeking to challenge an agency's decision on an OPRA request must bring suit within forty-five days of the agency decision. Mason v. City of Hoboken, 951 A.2d 1017, 1028 (N.J. 2008). Rutgers issued its final decision on Doe's first OPRA request on June 22, 2021, but Doe did not file his lawsuit in New Jersey state court until August 26, 2021, or sixty-five days after Rutgers' decision. Doe's claims related to his first OPRA request are therefore time-barred, and the District Court correctly dismissed them.

We also agree with the District Court's decision to dismiss Doe's claims related to his second OPRA request. Doe's claims related to his second OPRA request involve the $4,995 service fee that Rutgers requested for producing certain responsive records. He argues that Rutgers violated FERPA's right of access provision by charging any service fee for education records and violated OPRA by charging an excessive service fee.

Both arguments lack merit. FERPA's right-of-access provision covers only "education records," and "education records are institutional records kept by a single central custodian, such as a registrar." Owasso Independent Sch. Dist. No. I-011 v. Falvo, 534 U.S. 426, 435 (2002). Rutgers produced at no charge the academic records covered by Doe's second OPRA request and assessed a service fee only for a tranche of responsive email communications among professors and administrators. The District Court correctly concluded that the requested email communications are not subject to the FERPA right-of-access provision because they are not Doe's institutional records and are

7

not held by a central custodian. As for Doe's claim that Rutgers violated OPRA by charging an allegedly excessive service fee for the production of records, OPRA expressly permits agencies to assess a "special service charge" for the production of records when the request "involves an extraordinary expenditure of time and effort to accommodate the request," so long as the service fee is "reasonable and . . . based upon the actual direct cost of providing the copy or copies." N.J. Stat. Ann. § 47:1A-5(c). Doe has not plausibly alleged that the requested service fee is unreasonable or that the service fee is not based on the direct cost of producing the requested materials.[3] Because neither FERPA nor OPRA bars Rutgers from collecting a service fee of $4,995 for the email correspondence responsive to the second OPRA request, the District Court was correct to dismiss the claims related to that request.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Indeed, Rutgers provided to Doe an explanation of how it calculated the $4,995 service fee, and Doe quoted this explanation in his complaint. Rutgers explained that there were 4,608 pages of email communications responsive to Doe's second OPRA request and that each page had to be reviewed and redacted by a Rutgers staff member to prevent disclosure of other students' confidential information. As the District Court found, Rutgers provided a persuasive explanation of how it arrived at a reasonable service fee.